# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RAYMOND KOSTROMIN,<br>Appellant, | DOCKET NUMBER<br>AT-0752-14-0244-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>AFFAIRS,<br>Agency. | DATE: November 5, 2014 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John M. Brown and Charles E. Day, Augusta, Georgia, for the appellant.

Neil S. Deol, Esquire, Decatur, Georgia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal for lack of jurisdiction. For the reasons set forth

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2      Effective October 5, 2000, the agency appointed the appellant to an excepted service position as a physician, under special appointment authority 38 U.S.C. § 7401(1).  Initial Appeal File (IAF), Tab 7 at 6.  The agency terminated the appellant's employment, effective October 28, 2013, based on two charges: (1) receiving services that he was not eligible to receive; and (2) unprofessional conduct.  IAF, Tab 1 at 10.

¶3      The appellant filed an initial appeal, arguing that the agency committed procedural errors, failed to fairly consider the *Douglas* factors,[2] and may have terminated the appellant in retaliation for whistleblowing.  IAF, Tab 1 at 6.  The agency filed a motion to dismiss, arguing that the Board lacks jurisdiction over Veterans Health Administration (VHA) professionals appointed under 38 U.S.C. § 7401(1) because they are not employees as defined by 5 U.S.C. § 7511(b)(10) and, thus, are not afforded 5 U.S.C. chapter 75 appeal rights.  IAF, Tab 7.  In response, on January 14, 2014, the administrative judge ordered the appellant to file argument and evidence showing that the Board had jurisdiction to review his termination and his whistleblower reprisal claim.  IAF, Tab 10.  On January 15, 2014, the appellant filed three identical copies of his response to the January 14, 2014 show cause order; however, his submission did not address the issues raised by the administrative judge's order.  IAF, Tab 11.

¶4      On January 27, 2014, the administrative judge dismissed the appellant's appeal for lack of jurisdiction, without holding the requested hearing.  IAF, Tab 12, Initial Decision (ID).  She determined that the appellant lacks adverse action appeal rights under 5 U.S.C. chapter 75 because he held a position

---

[2] *See Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).

within the VHA that has been excluded from the competitive service by or under a provision of Title 38. ID at 3; *see* 5 U.S.C. § 7511(b)(10). In addition, she denied the appellant's whistleblower reprisal claim because he failed to show exhaustion of his administrative remedies before the Office of Special Counsel.

¶5 On March 29, 2014, the appellant filed an untimely petition for review. Petition for Review (PFR) File, Tab 1. In response to a notice from the Clerk of the Board, PFR File, Tab 4, the appellant has filed a motion to accept his petition for review as timely filed or to waive the time limit, PFR File, Tab 5. The agency has responded in opposition. PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 Regarding the timeliness issue, the appellant does not dispute that he had until March 3, 2014, to file his petition for review. *See* PFR File, Tab 5 at 4. Rather, the appellant argues that: (1) his petition for review was not untimely because he filed it on January 15, 2014, well before the deadline; and (2) any untimeliness should be excused because he "only recently came to realize" that the agency failed to advise him that he lacked the right to appeal his termination to the Board. *Id.*

¶7 We do not accept the appellant's petition for review as timely. To be timely, a petition for review must be filed within 35 days of the date of the initial decision's issuance or within 30 days after receipt, if the initial decision was received more than 5 days after the date of issuance. 5 C.F.R. § 1201.114(e). The appellant's January 15, 2014 pleading cannot serve as his petition for review of the initial decision, which was issued on January 27, 2014.[3] A petition for

---

[3] The appellant argues that "I do not feel that I should be held accountable for a key document [the January 15, 2014 pleading] being withheld from my official file by your own clerical staff." PFR File, Tab 5 at 4. This document was not "withheld." On January 15, 2014, the Atlanta Regional Office received the three copies of the appellant's correspondence dated and faxed the same day. IAF, Tab 11. The

review is a pleading in which a party contends that an initial decision was incorrectly decided in whole or in part.  5 C.F.R. § 1201.114(a)(1).  However, the appellant's January 15, 2014 correspondence was filed in response to the administrative judge's January 14, 2014 show cause order, not to the initial decision, which was not issued for another 12 days.  *See* IAF, Tabs 10-12.  Thus, the Clerk of the Board has properly treated the appellant's March 29, 2014 pleading as his petition for review.  *See* PFR File, Tab 4.  Therefore, because the appellant did not file his petition for review until March 29, 2014, PFR File, Tab 1, we find that his petition for review is untimely by 26 days.

¶8    As explained by the Clerk of the Board, PFR File, Tab 4 at 2, the Board will waive its filing deadline only upon a showing of good cause, regardless of how minimal the delay, 5 C.F.R. § 1201.114(g); *see, e.g.*, *Lands v. Department of the Air Force*, 95 M.S.P.R. 593, ¶¶ 5-7 (2004) (filing even 1-day late requires a showing of good cause).  To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

---

submission was added to the appellant's file, and the administrative judge considered it in determining the outcome of the initial appeal.  ID at 3.

¶9    The appellant's allegedly "compelling reason" for the 26-day delay in filing his petition for review, PFR File, Tab 5 at 4, is insufficient to excuse its untimeliness.  The appellant has filed a motion requesting a waiver of the filing deadline on the basis that it was unfair or unethical for the agency not to encourage him to abandon his decision to appeal his termination.  PFR File, Tab 5 at 4, 10.  However, the appellant's argument is premised entirely on two facts known to him even before he filed his initial appeal, namely that: (1) he sent two emails to the Chief of Human Resources to notify the agency of his intention to appeal his termination to the Board, and (2) the agency did not take any steps to dissuade him from taking that course of action.  *Id.*  Thus, the appellant has failed to present any new evidence to justify his 26-day delay in filing his petition for review.  *See, e.g.*, *Harris v. Department of Agriculture*, 54 M.S.P.R. 211, 214 (1992) (finding that the appellant's allegation of "recently discovered facts" were not good cause for waiving the time limit for filing a petition for review where the appellant failed to show why his allegations could not have been raised prior to the expiration of the time limit for filing a petition for review).

¶10   Furthermore, the appellant's belated recognition of a potential argument is not a basis for review.  *See Jones v. Department of Transportation*, 69 M.S.P.R. 21, 27 (1995) (explaining that the discovery of, or the decision to pursue, a new legal argument after the period for filing a petition for review has expired does not constitute good cause for the delay in filing the petition for review), *aff'd*, 111 F.3d 144 (Fed. Cir. 1997) (Table).  The appellant claims that he felt "betrayed" by the agency for not notifying him that employees hired pursuant to 38 U.S.C. § 7401(1) lack adverse action appeal rights before the Board.  PFR File, Tab 5 at 10.  The appellant also alleges that this betrayal is only recently known to him, but provides no date as to when this realization occurred.  *Id.*  However, the administrative judge's January 14, 2014 show cause order notified the appellant, prior to the close of the record, that employees hired

pursuant to [38 U.S.C. § 7401](1) lack adverse action appeal rights before the Board. IAF, Tab 10. Also, the appellant's January 15, 2014 response to the show cause order indicates that he had the information underlying his "betrayal" claim on or before January 15, 2014, IAF, Tab 11,[4] over 2 months before raising the argument as a basis for excusing his untimely filing of his petition for review, PFR File, Tab 1 at 2, Tab 5 at 5. Therefore, the appellant's representation that he "only recently came to realize" the effect of the agency's decision not to advise him to abandon his Board appeal does not show that he exercised due diligence or ordinary prudence.

¶11 Finally, the appellant has failed to offer any other grounds for excusing the untimely filing of his petition for review. The appellant's discussion of the timeliness of his initial appeal is immaterial to whether his petition for review is timely. In addition, the appellant is an e-filer and makes no claim that he failed to receive the initial decision, which indicated that the "initial decision will become final on **March 3, 2014**, unless a petition for review is filed by that date." ID at 4 (emphasis in original). Although the appellant states that he is unfamiliar with the Board's appeals process, the appellant is not pro se, IAF, Tab 5; PFR File, Tab 6,[5] and he has offered no argument or evidence showing that the delay was caused by circumstances outside of his control. Therefore, the appellant has failed to show good cause for the 26-day delay in filing his petition for review.

---

[4] In the appellant's January 15, 2014 pleading, he stated, "It's a shame a physician isn't afforded the same protection rights as any other employee." IAF, Tab 11.

[5] The appellant pursued a Board appeal upon advice of his union representative. The appellant states that "my union reps thought that after everything that the VA had put me thr[ough,] [the Board appeal process] was my best option." PFR File, Tab 1 at 2. Even if the delay is somehow attributed to the improper advice of his representative, this does not establish good cause. *Sofio v. Internal Revenue Service*, 7 M.S.P.R 667, 670 (1981) (explaining that an appellant is responsible for the errors of his chosen representative).

¶12     Accordingly, we dismiss the petition for review as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the dismissal of the appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.